T.C. Summary Opinion 2014-15

UNITED STATES TAX COURT

JULIE G. HOWERTER, f.k.a. JULIE G. GENTRY, Petitioner, AND
RAYMOND G. GENTRY, Intervenor v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27079-12S.                    Filed February 19, 2014.

Julie G. Howerter, pro se.

Raymond G. Gentry, pro se.

John S. Hitt and Mathew M. Johnson, for respondent.

SUMMARY OPINION

KERRIGAN, Judge:  This case was heard pursuant to section 7463 of the

Internal Revenue Code in effect when the petition was filed.  Pursuant to section

7463(b), the decision to be entered is not reviewable by any other court, and this

opinion shall not be treated as precedent for any other case. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This proceeding was commenced under section 6015 for review of respondent's determination that petitioner is not entitled to relief from joint and several liability for 2007 with respect to the Federal income tax return she filed with intervenor, her former spouse. We must consider whether petitioner is entitled to relief under section 6015(b), (c), or (f).

<u>Background</u>

Petitioner resided in Illinois when she filed the petition.

Petitioner and intervenor married in 1992, separated in January 2008, and divorced on May 11, 2010. Petitioner and intervenor resided together until their separation.

In 2006 intervenor worked as a terminal manager in the operations division of Transport Leasing Contract, Inc., a trucking company in Illinois. Also in 2006 Andy's Express Co. (Andy's) hired intervenor to work in both their operations and sales divisions. Intervenor received wages and commissions based on his sales. For 2006 intervenor received two Forms W-2, Wage and Tax Statement, one for

wages received from Andy's and the other for wages received from Transport Leasing Contract, Inc. In 2007 intervenor worked solely for Andy's. For 2007 intervenor received both a Form W-2 for wages and a Form 1099-MISC, Miscellaneous Income, for nonemployee compensation (i.e., commissions) received from Andy's.

Throughout her marriage to intervenor petitioner prepared their joint Federal income tax returns. Intervenor would provide her with his third-party reporting information and other requested information.

Petitioner and intervenor's 2007 joint Federal tax return showed a total tax of $2,806 and Federal income tax withholding of $8,025, resulting in a refund of $5,219.

On February 17, 2009, respondent issued a Notice CP2000 to petitioner and intervenor stating that they failed to report the following: (1) $12 in interest income from Country Life Insurance Co. reported on a Form 1099-INT, Interest Income; (2) $9,753 in nonemployee compensation from Andy's reported on a Form 1099-MISC; and (3) a $371 State income tax refund from the State of

Illinois Department of Revenue reported on a Form 1099-G, Certain Government Payments.[1]

On June 22, 2009, respondent issued petitioner and intervenor a notice of deficiency for tax year 2007 determining a deficiency of $2,901 arising from the unreported income listed in the Notice CP2000. Neither petitioner nor intervenor filed a petition with this Court in response to the notice of deficiency.

On January 27, 2010, respondent received a Form 8857, Request for Innocent Spouse Relief, for tax year 2007 from petitioner. In her Form 8857 petitioner asserted that she was not liable for the unreported commission income of $9,753 because she was never aware of intervenor's receipt of the commission income and intervenor did not provide her with a Form 1099-MISC indicating that he had received commission income from Andy's.

On May 18, 2010, respondent proposed preliminarily to grant petitioner relief from joint and several liability, pursuant to section 6015(c), for the portion of the understatement attributable to intervenor's nonemployee compensation. Intervenor, however, appealed the preliminary determination on June 8, 2010. Among the materials that intervenor sent to respondent to challenge respondent's

---

[1]Petitioner does not contest her joint liability for the interest income or the State income tax refund.

proposed decision was a copy of a series of emails which he contended petitioner had sent to him. The first email, dated August 27, 2007, was entitled "Commissions" and included a discussion of intervenor's "commission checks" (intervenor's August 2007 email). A second email from petitioner to intervenor dated December 19, 2007 (intervenor's December 2007 email), states: "[Y]ou need to pull together all the information on what commission you have earned for this calendar year."

In response to intervenor's appeal petitioner sent respondent a letter on October 13, 2010, which explains her concerns about the emails intervenor submitted. The letter included a copy of what she contended was the actual email that she sent to intervenor on August 27, 2007 (petitioner's August 2007 email). Petitioner's copy of the August 2007 email is not identical to intervenor's copy of the August 2007 email. Petitioner's August 2007 email was entitled "IRS Withholdings" and made no reference to any commission income intervenor earned.

On November 10, 2010, respondent issued petitioner a notice of determination denying her request for innocent spouse relief under section 6015(b), (c), or (f).

At trial petitioner admitted that she was aware that intervenor had received commissions from another company but contended that she was unaware of the commissions intervenor earned from Andy's in 2007. Petitioner testified that intervenor provided her with only his Form W-2 from Andy's. Intervenor testified that he received the Form W-2 and the Form 1099-MISC at the same time and provided both to petitioner at the same time. Petitioner contends that intervenor asked that they file their tax return early so he could use his share of the refund for a downpayment on an apartment, but she admitted that she also wanted to file early because she planned to use her share of any refund received for 2007 to pay off some items. Petitioner receives limited child support and must care for her three children by herself. Petitioner returned to work recently after being laid off by her employer.

Before and since 2007, petitioner has filed all required Forms 1040, U.S. Individual Income Tax Return, timely and reported accurately all income earned. She does not have an outstanding balance due to respondent. This is her first case before this Court.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making this election, each spouse is jointly and

severally liable for the entire tax due for that taxable year. Sec. 6013(d)(3). A requesting spouse may seek relief from joint and several liability under section 6015(b) or, if eligible, may allocate liability under section 6015(c). Sec. 6015(a). If a requesting spouse is not eligible for relief under section 6015(b) or (c), a requesting spouse may be eligible for equitable relief under section 6015(f). Olson v. Commissioner, T.C. Memo. 2009-294, slip op. at 10-11.

I.      Section 6015(b)

Section 6015(b)(1) authorizes the Secretary to grant relief if the taxpayer satisfies the requirements of subparagraphs (A) through (E):

> SEC. 6015(b). Procedures For Relief From Liability Applicable to All Joint Filers.--
>
> (1) In general.--Under procedures prescribed by the Secretary, if–
>
> (A) a joint return has been made for a taxable year;
>
> (B) on such return there is an understatement of tax attributable to erroneous items of 1 individual filing the joint return;
>
> (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;

(D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

(E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election,

then the other individual shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement.

The requirements of section 6015(b)(1) are stated in the conjunctive. Haltom v. Commissioner, T.C. Memo. 2005-209, slip op. at 9.  A requesting spouse will not qualify for relief if he or she fails to meet any one requirement. Alt v. Commissioner, 119 T.C. 306, 313 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004); Haltom v. Commissioner, slip op. at 9.  Respondent contends that petitioner is not eligible for relief under section 6015(b) because she had actual knowledge of intervenor's nonemployee compensation.

A requesting spouse has knowledge or reason to know of an understatement if he or she actually knew of the understatement, or if a reasonable person in similar circumstances could be expected to know at the time he or she signed the return that the return contained an understatement.  Sec. 1.6015-2(c),

Income Tax Regs. A requesting spouse has knowledge or reason to know of an understatement if "a reasonably prudent taxpayer under the circumstances of the [requesting] spouse at the time of signing the return could be expected to know that the tax liability stated was erroneous or that further investigation was warranted." Stevens v. Commissioner, 872 F.2d 1499, 1505 (11th Cir. 1989), aff'g T.C. Memo. 1988-63.

All of the facts and circumstances are considered in determining whether the requesting spouse had reason to know of an understatement. Sec. 1.6015-2(c), Income Tax Regs. Among the facts and circumstances considered are (1) "whether the requesting spouse failed to inquire, at or before the time the return was signed, about items on the return or omitted from the return that a reasonable person would question", and (2) "whether the erroneous item represented a departure from a recurring pattern reflected in prior years' returns (e.g., omitted income from an investment regularly reported on prior years' returns)." Id.

The rules pertaining to a requesting spouse's actual knowledge are set forth in section 1.6015-3(c)(2), Income Tax Regs. These rules also apply to requests for relief under section 6015(c). The Secretary has both the burden of production and the burden of persuasion regarding actual knowledge and must establish, by a preponderance of evidence, that the requesting spouse had actual knowledge of the

erroneous item. Sec. 1.6015-3(c)(2), Income Tax Regs. In the case of omitted income, knowledge of the item includes knowledge of receipt of the income. Sec. 1.6015-3(c)(2)(i)(A), Income Tax Regs.

Throughout her marriage to intervenor petitioner prepared their joint Federal income tax returns. Intervenor would provide her with his third-party reporting information and other requested information. Intervenor began to work for Andy's in 2006 and earned income from Andy's in 2006. Petitioner and intervenor's 2006 joint Federal income tax return included income that intervenor earned from Andy's in 2006. Petitioner testified that she was aware of commissions that intervenor had received from other companies. Petitioner further testified that she was aware that intervenor worked for Andy's in 2007.

Petitioner did not show that she inquired as to whether intervenor had earned any commissions or received any Forms 1099 for tax year 2007. We find that a reasonably prudent taxpayer in petitioner's position would have inquired as to whether intervenor had earned commissions in 2007 as he had in prior years. Thus, we find that petitioner had reason to know that the tax liability stated was erroneous or that further investigation was warranted.

In addition, intervenor testified that he "gave her [petitioner] the W-2 and a 1099 [from Andy's]". He further testified that petitioner was aware of the Form

1099-MISC and that they spoke about it and exchanged emails concerning the Form 1099-MISC and his commissions.

Respondent provided copies of both intervenor's August 2007 email and intervenor's December 2007 email. Respondent contends that both emails are authentic. The emails addressed commissions paid to intervenor in 2007. Petitioner contests the authenticity of the emails that respondent provided and provided only a copy of what she contends is the actual email she sent to intervenor on August 27, 2007. Petitioner's copy of the August 2007 email does not indicate that she was aware of the commissions. However, petitioner did not provide any explanation for the difference in the emails. Additionally, intervenor testified that petitioner's August 2007 email is not a true and accurate copy of the email that he received from her.

We find it more likely than not that petitioner was aware that intervenor had earned commissions from Andy's in 2007. Respondent showed by a preponderance of evidence that petitioner had actual knowledge of intervenor's commission income for tax year 2007. Petitioner is not eligible for relief under section 6015(b).

II.    Section 6015(c)

Under section 6015(c) if the requesting spouse is no longer married to or is legally separated from the spouse with whom he or she filed the joint return, he or she may elect to limit liability for a deficiency as provided in section 6015(d). Sec. 6015(c)(1), (3)(A)(i)(I); DeMattos v. Commissioner, T.C. Memo. 2010-110. Under section 6015(d)(3)(A) any item giving rise to a deficiency on a joint tax return generally shall be allocated to the individual filing the return in the same manner as it would have been allocated if the individual had filed a separate return for the taxable year.  However, the election is not available where the Secretary has demonstrated that the individual making the election had actual knowledge, at the time he or she signed the return, of any item giving rise to the deficiency.  Sec. 6015(c)(3)(C); Hopkins v. Commissioner, 121 T.C. 73, 86 (2003).  The rules pertaining to a requesting spouse's actual knowledge under section 6015(c) are the same rules that apply to section 6015(b).  Sec. 1.6015-3(c)(2), Income Tax Regs. Because we have already found that petitioner had actual knowledge of the item giving rise to the deficiency, she is not eligible for relief under section 6015(c).

III.   Section 6015(f)

Section 6015(f) provides an alternative means of relief for a requesting spouse who does not otherwise qualify under section 6015(b) or (c).  Sec.

6015(f)(2). Section 6015(f)(1) permits relief from joint and several liability if it would be inequitable to hold the requesting spouse liable for any unpaid tax or any deficiency. Under section 6015(f) the Secretary may grant equitable relief to a requesting spouse on the basis of the facts and circumstances. Petitioner bears the burden of proving that she is entitled to equitable relief under section 6015(f). See Rule 142(a); Porter v. Commissioner, 132 T.C. 203, 210 (2009).

This Court has jurisdiction to review respondent's denial of petitioner's request for equitable relief under section 6015(f). See sec. 6015(e)(1). We apply a de novo standard of review as well as a de novo scope of review. See Porter v. Commissioner, 132 T.C. at 210.

The Commissioner issued Rev. Proc. 2013-34, 2013-43 I.R.B. 397, superseding Rev. Proc. 2003-61, 2003-2 C.B. 296, to provide guidance for determining whether a taxpayer is entitled to relief from joint and several liability. Rev. Proc. 2013-34, supra, is effective for all requests for equitable relief pending on September 16, 2013, before a Federal court. Id. sec. 7, 2013-43 I.R.B. at 403. While the Court may consider the guidance sent forth in Rev. Proc. 2013-34, supra, we are not bound by it. See, e.g., Reilly-Casey v. Commissioner, T.C. Memo. 2013-292, at *10 n.6; see also Sriram v. Commissioner, T.C. Memo. 2012-91, slip op. at 9-10 (noting that the Court considered the previous

guidelines published under section 6015(f) in Rev. Proc. 2003-61, supra, but was not bound by them).

Rev. Proc. 2013-34, supra, provides a three-step analysis to follow in evaluating a request for relief. The first step consists of seven threshold conditions that must be met: (1) the requesting spouse filed a joint return for the taxable year for which he or she seeks relief; (2) relief is not available to the requesting spouse under section 6015(b) or (c); (3) the claim for relief is timely filed; (4) no assets were transferred between the spouses as part of a fraudulent scheme by the spouses; (5) the nonrequesting spouse did not transfer disqualified assets to the requesting spouse; (6) the requesting spouse did not knowingly participate in the filing of a fraudulent joint return; and (7) absent certain enumerated exceptions, the tax liability from which the requesting spouse seeks relief is attributable to an item of the nonrequesting spouse. Id. sec. 4.01, 2013-43 I.R.B. at 399-400. Respondent concedes that petitioner meets these seven threshold conditions.

The second step of the analysis provides the following three conditions that, if met, will qualify a requesting spouse for a streamlined determination of relief under section 6015(f) with respect to an underpayment of a properly reported liability: (1) he or she is no longer married to, is legally separated from,

or has not been a member of the same household as the other person at any time during the 12-month period ending on the date of the request for relief; (2) he or she would suffer economic hardship if relief is not granted; and (3) in a deficiency case such as this, he or she had no knowledge or reason to know when the return was filed that there was an understatement or deficiency. A request for economic hardship relief should include information on assets and liabilities and amounts reasonably necessary for basic living expenses in the taxpayer's geographic area. See Wiener v. Commissioner, T.C. Memo. 2008-230, slip op. at 35-36; sec. 301.6343-1(b)(4)(ii), Proced. & Admin. Regs. The requesting spouse must satisfy all three conditions in order to qualify for a streamlined determination. Rev. Proc. 2013-34, sec. 4.02, 2013-43 I.R.B. at 400. Because we find that petitioner had actual knowledge of the commissions, we find that she does not qualify for a streamlined determination of relief.

The third step is available if the requesting spouse satisfies the threshold conditions but fails to satisfy the conditions in Rev. Proc. 2013-34, sec. 4.02. A requesting spouse may still be eligible for equitable relief under section 6015(f) if, taking into account all the facts and circumstances, it would be inequitable to hold the requesting spouse liable for the underpayment. Id. sec. 4.03, 2013-43 I.R.B. at 400. Rev. Proc. 2013-34, sec. 4.03 lists the following nonexclusive factors that

the Commissioner takes into account when determining whether to grant equitable relief:  (1) marital status; (2) economic hardship; (3) in the case of a deficiency, knowledge or reason to know of the item giving rise to the deficiency; (4) legal obligation; (5) significant benefit; (6) compliance with tax laws; and (7) mental or physical health.  Id.  No single factor is determinative; the Internal Revenue Service (IRS) considers all factors and weighs them appropriately.  Id.  Any indication of abuse or the exercise of financial control by the nonrequesting spouse is a factor that may impact the other factors.  Id.

A.    Marital Status

If the requesting spouse is no longer married to the nonrequesting spouse, this factor will weigh in favor of relief.  For purposes of Rev. Proc. 2013-34, sec. 4.03(a), a requesting spouse will be treated as being no longer married to the nonrequesting spouse if the requesting spouse is divorced from the nonrequesting spouse.  Petitioner and intervenor divorced on May 11, 2010.  Respondent made the determination to deny petitioner innocent spouse relief on November 10, 2010. This factor weighs in favor of granting relief to petitioner.

B.    Economic Hardship

Generally, economic hardship exists when collection of the tax liability will render the taxpayer unable to meet basic living expenses.  Id. sec. 4.03(b),

2013-43 I.R.B. at 401.  Whether a spouse will suffer an economic hardship is based on rules similar to section 301.6343-1(b)(4), Proced. & Admin. Regs.  Rev. Proc. 2013-43, sec. 4.03(b).  The IRS considers the requesting spouse's income (including how the requesting spouse's income compares to Federal poverty guidelines) and assets and will compare them with his or her share of living expenses.  Id.  If denying relief from the joint and several liability will not cause the requesting spouse to suffer economic hardship, this factor will be neutral.  Id.

Petitioner did not provide any evidence concerning economic hardship.  She receives limited child support and had recently returned to work after being laid off by her employer.  Her Form 8857 indicates that her monthly income is approximately $4,315 and her monthly expenses are approximately $3,518.  This factor is neutral.

C.    Knowledge or Reason To Know

This factor is identical in all material respects to the knowledge requirement of section 6015(b) and (c).  If the requesting spouse did not know and had no reason to know of the item giving rise to the understatement, this factor will weigh in favor of relief.  If the requesting spouse knew or had reason to know of the item giving rise to the understatement, this factor will weigh against relief.  Rev. Proc. 2013-34, sec. 4.03(c).  Actual knowledge of the item giving rise to the

understatement or deficiency will not weigh more heavily than any other factor.  Id.

Because we find that petitioner had knowledge of the commissions, this factor

weighs against granting relief.

D.    Legal Obligation

This factor is concerned with whether the requesting spouse or the

nonrequesting spouse has a legal obligation to pay the outstanding tax liability

pursuant to a divorce decree or agreement.  This factor will be neutral if both

spouses have a legal obligation, based on an agreement or consent order, to pay the

outstanding income tax liability, the spouses are not separated or divorced, or the

divorce decree or agreement is silent as to any obligation to pay the outstanding

income tax liability.  Id. sec. 4.03(d), 2013-43 I.R.B. at 402.  The divorce

agreement between petitioner and intervenor provided for an even split of any IRS

indebtedness.  This factor is neutral.

E.    Significant Benefit

This factor considers whether the requesting spouse received a significant

benefit (beyond normal support) from the unpaid income tax liability.  Normal

support is measured by the circumstances of the particular parties.  Porter v.

Commissioner, 132 T.C. at 212.  A significant benefit might be found where, for

example, the requesting spouse enjoyed the benefits of a lavish lifestyle, such as

owning luxury assets and taking expensive vacations. Rev. Proc. 2013-34, sec. 4.03(e), 2013-43 I.R.B. at 402. If the amount of unpaid tax or the understatement was small such that neither spouse received a significant benefit, then this factor is neutral. Id. Whether the amount of unpaid tax or the understatement is small such that neither spouse received a significant benefit will vary depending on the facts and circumstances of each case. Id. Respondent determined a deficiency of $2,901 arising from the unreported income listed in the Notice CP2000. Split evenly, petitioner's share of this burden would be $1,450. The amount of the unpaid tax was too small to allow either spouse to enjoy a significant benefit. Although Rev. Proc. 2013-34, sec. 4.03(e), suggests that we treat this factor as neutral because the amount of the unpaid tax was too small to allow either spouse to enjoy a significant benefit, we decline to do so. In previous cases in which we reviewed requests for section 6015(f) relief under Rev. Proc. 2003-61, supra, the predecessor to Rev. Proc. 2013-34, supra, we held that the lack of a significant benefit should weigh in favor of granting relief. See, e.g., DeMattos v. Commissioner, T.C. Memo. 2010-110; Butner v. Commissioner, T.C. Memo. 2007-136. We hold similarly that under Rev. Proc. 2013-34, supra, the lack of a significant benefit should weigh in favor of granting relief to petitioner.

F.    Compliance With Income Tax Laws

This factor considers whether the requesting spouse has made a good-faith effort to comply with the income tax laws in tax years after the year for which relief is requested. See id. sec. 4.03(f), 2013-43 I.R.B. at 402. If the requesting spouse is in compliance for taxable years after being divorced from the nonrequesting spouse, then this factor will weigh in favor of relief. Id. Petitioner has been in compliance with the income tax laws since tax year 2007. This factor weighs in favor of granting relief to petitioner.

G.    Mental or Physical Health

This factor considers whether the requesting spouse was in poor physical or mental health. This factor will weigh in favor of relief if the requesting spouse was in poor mental or physical health at the time the return or returns for which the request for relief relates were filed (or at the time the requesting spouse reasonably believed the return or returns were filed) or at the time the requesting spouse requested relief. Id. sec. 4.03(g), 2013-43 I.R.B. at 403. The IRS considers the nature, extent, and duration of the condition, including the ongoing economic impact of the illness. Id. If the requesting spouse was not in poor physical or mental health, this factor is neutral. Id. Petitioner admitted that she was not in poor physical or mental health; this factor is neutral.

H.      Conclusion

Three of the factors are neutral, three weigh in favor of granting relief to petitioner, and one weighs against granting relief.  The only factor weighing against relief is the knowledge factor.  Rev. Proc. 2013-34, supra, makes clear that, in the Commissioner's determination under section 6015(f), knowledge of the item giving rise to an understatement or deficiency will no longer weigh more heavily than other factors, as it did under Rev. Proc. 2003-61, supra.  Rev. Proc. 2013-34, sec. 3.07, 2013-43 I.R.B. at 398.  Balancing all of the facts and circumstances we find that the equities favor granting petitioner relief under section 6015(f).  We hold that petitioner is entitled to relief from joint and several liability under section 6015(f).

Any contention we have not addressed is irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered for

petitioner.